IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company,<br><br>    Plaintiff,<br><br>v.<br><br>Delarwn L. Meyers, and Kendall Rodregous Smith,<br><br>    Defendants. | Case No.: 4:20-cv-0241-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the July 15, 2021 Report and Recommendation of United States Magistrate Thomas E. Rogers, III (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 66]. In the Report, the Magistrate Judge recommends that Plaintiff's motion for summary judgment, ECF No. 53, be granted. *Id.* Defendant Meyers filed timely objections to the Report, ECF No. 68. Defendant Smith did not file objections. Plaintiff replied to Defendant Meyers's objections, ECF No. 70. Plaintiff also filed its own objections to the Report, ECF No. 69. In its objections, Plaintiff states that it agrees with the Magistrate Judge's findings and recommendation. *Id.* However, Plaintiff filed objections to preserve its alternative arguments that the Magistrate Judge did not need to reach based on his findings in the Report. *Id.* Those arguments are noted and so preserved.[1] The matter is ripe for ruling. For the reasons outlined herein, the Court adopts the Report in its entirety.

---

[1] As the following discussion makes clear, this Court agrees with the Report and adopts it in its entirely. As a result, it also does not reach Plaintiff's alternative arguments.

1

## BACKGROUND

In the Report, the Magistrate Judge set forth the background of this action thoroughly. The Court adopts this background in full without a recitation.[2]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct

---

[2] No party specifically objected to the Magistrate Judge's factual recitation.

the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

In his objections, Defendant Meyers argues the Magistrate Judge misapprehends his position. [ECF No. 68, p.1]. Defendant Meyers claims the Report assumes Defendant Smith drove Defendant Meyers to the corner of Brooker and Commander Street to be shot. *Id.* Instead, Defendant Meyers contends "he was driven to an area where there was a known danger." *Id.* That "known danger" was the scene of the earlier fight on the corner of Brooker and Commander Street. *Id.* Defendant Meyers argues the Magistrate Judge erred in concluding that Defendant Meyers failed to establish a causal connection between the vehicle and the injury. *Id.* The Court reviews this finding *de novo*.

The Supreme Court of South Carolina has established a three-part test for determining whether injuries inflicted by an assault or shooting arise out of the "ownership, maintenance, or use" of an automobile to trigger automobile insurance coverage. *State Farm Fire & Cas. Co. v. Aytes*, 332 S.C. 30, 503 S.E.2d 744 (S.C. 1998); *State Farm Mut. Auto Ins. Co. v. Bookert*, 337 S.C. 291, 523 S.E.2d 181 (S.C. 1999). The *Aytes* court articulated a three-prong test:

3

1. "the party seeking coverage must establish a causal connection between the vehicle and the injury[;]"

2. "there must exist no act of independent significance breaking the causal link[;]" and

3. "it must be shown the vehicle was being used for transportation at the time of the assault."

*Aytes*, 332 S.C. at 33, 503 S.E.2d at 745 (internal citations omitted).  The *Aytes* court also divided the first prong into its own three-part inquiry.  To show a "causal connection between the vehicle and the injury," the party seeking coverage must show:

1. "the vehicle was an 'active accessory' to the assault[;]"

2. "[t]he causation required is something less than proximate cause and something more than mere site of the injury[;]" and

3. "[t]he injury must be foreseeably identifiable with the normal use of the vehicle."

*Id.* at 33, 503 S.E.2d at 745-46 (internal citations omitted).

Applying the first prong of the "causal connection" test, the Magistrate Judge found that Defendant Meyers failed to show a causal connection between the vehicle and Defendant Meyers's injury because the vehicle was not an "active accessory" to the assault.  [ECF No. 66, pp. 11-12]. Accordingly, the Magistrate Judge found the injury did not arise out of the "ownership, maintenance, or use" of the automobile to trigger insurance coverage, and Plaintiff is entitled to judgment as a matter is law.  *Id.* at 12.

As an initial matter, the Magistrate Judge did not misunderstand Defendant Meyers's position. The Report was perfectly clear that Defendant Meyers claims Defendant Smith drove the vehicle to a location he knew to be dangerous:

> Even viewing the facts in the light most favorable to Defendants, the fact that *Defendant Smith drove his vehicle with Defendant Meyers as a passenger to a*

4

> *location he knew to be dangerous* because of a previous altercation there earlier in the morning is insufficient to show a causal connection between the vehicle and Defendant Meyers' injury to find that the injury arose out of the "ownership, maintenance, or use" of the automobile so as to trigger automobile insurance coverage.

[ECF No. 66, p.12] (emphasis added). This passage is reason enough to overrule Defendant Meyers's objection. Defendant Meyers bases his objection entirely on the contention that the Magistrate Judge assumed Defendant Myers was driven to the corner of Booker and Commander Street to be shot rather than driven to an area of known danger. [ECF No. 68, p.1]. The Report expressly found otherwise, and the objection is therefore without merit.

Nevertheless, the Court finds, after a *de novo* review, that the Magistrate Judge correctly found the vehicle was not an "active accessory" to the assault. In the Report, the Magistrate Judge fully set forth the "active accessory" rule and carefully examined its application in eight South Carolina cases. [ECF No. 66, pp.8-12]. This Court agrees with the Magistrate Judge's thorough application of South Carolina law. Because Defendant Meyers did not specifically object to any part of the Magistrate Judge's analysis of the case law, this Court adopts the analysis in the Report without a recitation.

Defendant Meyers's objection relies on two hypotheticals that fail to identify a specific error in the Report. Defendant Meyers posits that had Defendant Smith "returned to the corer [sic] of Booker and Commander Street . . . and used his vehicle to runover [sic] C. Roy . . ." or "driven a sleeping Defendant Meyers into a flooded street and the Defendant Meyers drowned. . . Defendant Smith's policy with the Plaintiff would have provided coverage." [ECF No. 68, pp.1-2]. Neither scenario is the question before this Court, and Defendant Meyers does not cite any case that would justify analogizing the facts of this case to such a situation.

5

Defendant Meyers argues that because "[t]here was no desire to drive the Defendant Meyers to an area to be shot" this case is distinguishable from *Aytes*, *Wright v. North Area Taxi, Inc.*, 377 S.C. 419, 523 S.E.2d 472 (S.C. 1999), and *Nationwide Mutual Fire Ins. Co. v. Jeter*, No. CA 3:12-1759-MBS, 2013 WL 3109214 (D.S.C. June 18, 2013). [ECF No. 68, p.2]. The Magistrate Judge appreciated this distinction but found that it weakens Defendant Meyers's case rather than strengthening it. In the Report, the Magistrate Judge found that, in cases where an assailant drives a victim to a location for the purpose of harming the victim, the South Carolina Supreme Court and this court have held that the vehicle is not an active accessory to the assault. [ECF No. 66, p.11]. Even if Defendant Meyers had made that showing, it would be insufficient to show the vehicle was an active accessory to the assault. *Id.* Because Defendant Meyers's position falls short of that insufficient showing, his he cannot establish that the vehicle was an active accessory to the assault.

This Court finds, after a *de novo* review, that the Magistrate Judge correctly found the vehicle was not an "active accessory" to the assault. Accordingly, Defendant Meyers fails to establish a causal connection between the vehicle and the injury, and the injuries do not arise out of the "ownership, maintenance, or use" of an automobile to trigger coverage. Because this finding is dispositive of the action, this Court declines to consider the alternative arguments Plaintiff advanced in its motion for summary judgment and reiterated in its objections.

## CONCLUSION

After reviewing the portions of the Report to which no objection was made for clear error, the Court finds none and adopts these portions of the Report. After a *de novo* review of the portions of the Report to which Defendant Meyers specifically objected, the Court adopts the Report in full and hereby incorporates the Report by reference herein. For the reasons discussed above, and in

6

the Report, Plaintiff's motion for summary judgment, ECF No. 53 is GRANTED. This action is DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.

August 20, 2021  
Florence, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge